UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY CARLS, | Case No. 2:26-cv-00698-DAD-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PROMAX PLUMBING COMPANY, | (ECF Nos. 1, 2) |
| Defendant. | |

Plaintiff Sally Carls is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Services (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has not made the required financial showing under 28 U.S.C. § 1915(a). Plaintiff's IFP application indicates that Plaintiff receives gross monthly wages of $1,000 and take-home wages of $800. (ECF No. 2 at 1 ¶ 2.) However, Plaintiff fails to disclose whether she receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," "Disability, or worker's compensation payments," or "gifts or inheritances." *Id.* at 1 ¶¶ 3(a)-(e). Plaintiff states she received income in the past 12 months from "Any other sources" and "SSI disability" but does not provide the amount she receives from this source. *Id.* at 1 ¶ 3(f). Because of these omissions, Plaintiff's IFP application fails to establish that she is entitled to prosecute this case without paying the required fees. Though the Court cannot make a determination whether Plaintiff qualifies for in forma pauperis status based on her current IFP application, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous or meritless.

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.,* 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not

2

abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II.    SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**III.     THE COMPLAINT**

Plaintiff's Complaint uses a fillable complaint form for the conversion of property and names Promax Plumbing as Defendant. Compl. at 2 ¶ II.B (ECF No. 1). Plaintiff alleges she inherited 500 shares representing 50% ownership of Promax Plumbing from her "life partner," whom Plaintiff identifies as Ed Reynolds. *Id.* at 4 ¶ III.B. Plaintiff alleges that on February 25, 2019, a Promax Plumbing shareholders' meeting came to agreement that Plaintiff would sell her 500 shares in Promax Plumbing to the company's director for $126,000, to be paid over three years at the rate of $3,500 per month. *Id.* at 4 ¶ III.C. Although the Complaint is not entirely clear, Plaintiff appears to allege she never received these funds in exchange for the sale of her shares. For relief, Plaintiff seeks $126,000 in compensatory damages, plus punitive damages. *Id.* at 4 ¶ IV.

**IV.     DISCUSSION**

**A.     Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546

4

(1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. The Complaint asserts jurisdiction based on diversity, but it does not allege that there is diversity of citizenship between the parties where all parties are identified as citizens of California. Compl. at 3 ¶¶ A, B; *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no diversity of citizenship established here, the Court finds that it lacks subject matter jurisdiction based on diversity jurisdiction. As to subject matter jurisdiction arising under federal law, the civil cover sheet indicates a cause of action under 15 U.S.C. § 80a-35 for breach of fiduciary duty (ECF No. 1-1), but there is no discernible federal cause of action alleged in the Complaint. *See* Compl. Therefore, the Court recommends this action be dismissed without leave to amend because the Court lacks subject matter jurisdiction over this action.

**B.    Leave to Amend**

In considering whether leave to amend should be granted, the Court considers that it lacks subject matter jurisdiction over the Complaint. Based on this deficiency, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

**V.   CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.   Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.   The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, carl.0698.26